Tang v. Holder

BIA
Wright, IJ
A200 921 044

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fourteen.

PRESENT:
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
            *Circuit Judges.*
_____

HAI FEI TANG,
            *Petitioner,*

            v.                                    12-3853
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        Mark C. Fang, White Plains, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Edward J. Duffy,
                       Senior Litigation Counsel; Judith R.
                       O'Sullivan, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Fei Tang, a native and citizen of China, seeks review of an August 28, 2012, order of the BIA, affirming the July 12, 2011, decision of Immigration Judge ("IJ") Virna A. Wright, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Fei Tang*, No. A200 921 044 (B.I.A. Aug. 28, 2012), *aff'g* No. A200 921 044 (Immig. Ct. New York City July 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Tang's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account,

2

and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency's adverse credibility determination was reasonably based on multiple inconsistencies in the record concerning, among other things, where Tang was taken from for her forced abortion, how and when she obtained her abortion certificate, and the injuries she sustained during her alleged detention and beating. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency's adverse credibility determination was also reasonably based on the omission of any mention of Tang's abortion from her sister's letter and Tang's omission of her location at the time she was taken for the abortion from her written application. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").

Tang does not contest the presence or materiality of these inconsistencies and omissions but, instead, argues that the agency improperly rejected her explanations. However, "a petitioner must do more than offer a 'plausible' explanation for h[er] inconsistent statements to secure relief; '[s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so) (internal citation and quotation omitted).  Because Tang has failed to argue or otherwise establish that a reasonable adjudicator would be *compelled* to credit the explanations she provided, she has failed to demonstrate reversible error in the agency's adverse credibility determination.  *See id.; see also Xiu Xia Lin*, 534 F.3d at 167 (holding that the Court should overturn the agency's adverse credibility ruling only where no reasonable fact-finder could have made such a ruling).  Because we find the agency's adverse credibility determination to be supported by the totality of the evidence on the basis of the above identified

4

inconsistencies and omissions, we do not reach the additional grounds cited in support of the determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach")(internal citation omitted). The agency's adverse credibility determination necessarily precludes Tang's success on her claims for asylum, withholding of removal, and CAT relief, as those claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5